OPINION
Defendant-appellant Ruth C. Greene appeals from an order of the trial court granting plaintiff-appellee Herbert A. Heil, Jr.'s motion for a new trial. Greene contends that the trial court abused its discretion by granting this motion. Although Heil has cross-appealed from a previous order of the trial court rendering judgment notwithstanding the verdict, Heil has not assigned any error with respect to that order, and we therefore deem his cross-appeal to have been abandoned.
We conclude that the trial court did not abuse its discretion by granting Heil's motion for a new trial under the particular, and somewhat peculiar, circumstances of this case. Accordingly, the order of the trial court granting Heil's motion for a new trial is Affirmed.
 I
Heil brought this action against Greene and two other defendants to recover damages for injuries he sustained in an automobile collision. Following a jury trial, the jury awarded Heil a general verdict in the amount of $12,000.00. It also awarded defendant cross-claimant State Automobile Mutual Insurance Company $1,186.32 against Greene. Two interrogatories were submitted to the jury. Interrogatory Number Two dealt with State Auto Insurance Company's claim against Greene. Interrogatory Number One called for an itemization of Heil's damages proximately caused by Greene's negligence. Copies of the verdicts and interrogatories are appended to this opinion.
In its answer to Interrogatory Number One, the jury assigned the sum of $6,000 as the damages corresponding to "Past expenses not paid for by State Auto Ins. Co. for medical, hospital, therapy, etc. related care and treatment of Herbert A. Heil, Jr. from May 24, 1996 to the present time," and the sum of $6,000 for "past pain and suffering of Herbert A. Heil, Jr." Interrogatory Number One also called for the jury to state the amount of damages corresponding to Heil's future pain and suffering, to his past loss of enjoyment of life and inability to perform accustomed activities, and to his future loss of enjoyment of life and inability to perform accustomed activities. The jury set forth zero as the amount of damages corresponding to each of these three components of damages. Interrogatory Number One then called for a total of damages, and this was set forth as $12,000, which corresponded to the jury's general verdict.
The jury's verdict was filed on October 7, 1999. On October 20, 1999, Greene filed a motion for judgment notwithstanding the verdict. Greene based this motion upon the fact that the evidence adduced at trial could not support more than the sum of $2,228.70 as the past expenses not paid for by State Auto Ins. Co. for medical, hospital, therapy and related care and treatment for Heil. Although Heil opposed the motion for judgment notwithstanding the verdict, he did not, and he does not, dispute that the evidence presented at trial does not support a computation of his damages for past medical, hospital, therapy and related care and treatment expenses, not paid for by State Auto Ins. Co. in excess of $2,228.70.
The trial court granted Greene's motion for judgment notwithstanding the verdict, and modified the judgment in Heil's favor by reducing it to the sum of $8,228.70, being the sum of $2,228.70 properly awardable as Heil's past expenses, not paid by State Auto Ins. Co., for medical, hospital, therapy and related care and treatment, added to the $6,000.00 that the jury assigned, in Interrogatory Number One, for Heil's past pain and suffering.
Thereafter, Heil filed a timely motion for a new trial. Greene opposed this motion. The trial court found Heil's motion for new trial well-taken and entered an order setting aside the judgment, and ordering a new trial. Greene appealed from this order.
Heil cross-appealed from the earlier order awarding judgment notwithstanding the verdict. Although Greene has assigned error in support of her appeal, Heil has not assigned error in support of his cross-appeal. Consequently, we deem his cross-appeal to have been abandoned.
 II
Greene's sole assignment of error is as follows:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE WHEN IT SUSTAINED APPELLEE'S MOTION FOR A NEW TRIAL IN ITS ORDER OF JANUARY 11, 2000.
 Where a jury awards a general verdict to a plaintiff in an amount in excess of the maximum amount that can be supported by evidence in the record, the trial court may properly grant a motion for judgment notwithstanding the verdict, and reduce the judgment accordingly. Where a general verdict is inconsistent with one or more answers to jury interrogatories, Civ.R. 49(B) permits the trial court to render judgment notwithstanding the verdict, to order a new trial, or, if the jury has not been discharged,
to return the jury for further consideration. Neither of these circumstances, however, applies in the case before us. The evidence in the record was adequate to support a general verdict in the amount of $12,000, because there was testimony that would support findings that Heil had sustained serious pain and suffering as a result of the collision, and would likely endure significant future pain and suffering. Furthermore, there was no inconsistency between the jury's answer to Interrogatory Number One and its general verdict. Both reflected total damages in the amount of $12,000.
The problem in the case before us is one that does not appear to be contemplated by the Ohio Rules of Civil Procedure. The problem is that the jury's answer to one of the interrogatories submitted to it is not supported by evidence in the record, although its general verdict is supportable by evidence in the record. One court has gone so far as to conclude that because this circumstance is not contemplated in the rules, the mere fact that an answer to a jury interrogatory is not supported by the evidence is no basis for setting aside a jury verdict. Heise v.Orra (Feb. 23, 1995), Cuyahoga App. No. 66172, unreported. Another court has held that this sort of problem must be raised before a jury is discharged, and may not be properly raised after the jury has been discharged. Cooper v. MetalSells Mfg. Corp. (1999), 104 Ohio App.3d 34. If we were to adopt the reasoning of either of these courts, we would conclude that the trial court erred when it granted Greene's motion for judgment notwithstanding the verdict. However, even though Heil has cross-appealed from that order, Heil's failure to assign error in support of his support of his cross-appeal constitutes an abandonment of that appeal. Therefore, the posture of this case when Heil's motion for a new trial was pending before the trial court was that the trial court had entered judgment notwithstanding the verdict, and the issue is whether the trial court abused its discretion when it then granted Heil's motion, set aside the judgment, and ordered a new trial.
The issue is not free from difficulty. In effect, when it granted Greene's motion for judgment notwithstanding the verdict, the trial court amended the jury's answer to Interrogatory Number One by changing the component for past medical, hospital, therapy and related expenses to conform to the evidence, and then modified the judgment to conform to the amended interrogatory answer. Whether the trial court should have done so is a nice question, but neither party has assigned error in connection with the judgment notwithstanding the verdict. When Heil then moved for a new trial, which he was permitted to do by virtue of Civ.R. 50(C)(2), Heil was urging the trial court to reconsider its decision to modify the judgment to conform to the modified interrogatory answer, and, instead, to exercise the discretion afforded the trial court by Civ.R. 49(B) to order a new trial.
We are satisfied that the trial court did not abuse its discretion when it elected to order a new trial. A new trial may be ordered when there is irregularity in the proceedings of the court or jury, by which an aggrieved party is prevented from having a fair trial. Civ.R. 59(A)(1). A new trial may also be ordered "in the sound discretion of the court for good cause shown." Civ.R. 59(A). When the jury, in its answer to Interrogatory Number One, stated an amount of damages for past medical expenses exceeding the maximum amount that could be supported by the evidence in the record, irregularity on its part was demonstrated. The jury made a mistake.
The trial judge was present during the trial, and was in a somewhat better position than this court to assess what the jury's intention may have been. Perhaps the jury was definite in its assessment of $6,000 as the proper figure for Heil's past pain and suffering, but merely made a mistake in calculating his out-of-pocket medical expenses. However, it is also plausible that the jury concluded that Heil was entitled to damages in the amount of $12,000 for all of the components set forth in Interrogatory Number One, but wrote the sum of $6,000 on line A by mistake, having intended to write it on line C, D or E.
In our view, the trial judge could properly conclude that there was no way to know the jury's intention. Accordingly, since some error in the jury's calculation was demonstrated, and it was not possible to determine what effect that error had on the verdict, the trial judge reasonably decided that a new trial had to be ordered.
Greene's sole assignment of error is overruled.
 III
Greene's sole assignment of error having been overruled, the order of the trial court setting aside its judgment and ordering a new trial is Affirmed.
GRADY, P.J., and WOLFF, J., concur.